UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
**Gabriel Rodriguez, individually and on behalf of all others similarly situated,**

                Plaintiff,           **PROPOSED RULE 26(f)
SCHEDULING ORDER**

     -against-                    **22-CV-02436 (GRB)(JMW)**

 **Williams-Sonoma, Inc.**,

                Defendant.
----------------------------------X

I.     **DISCOVERY PLAN**

Pursuant to Rule 26(f)(3), the parties have conferred and jointly propose the following Discovery Plan:[1]

**A.**   The Parties **do not** anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

**B.**   The Parties anticipate that discovery may be needed on at least the following subjects:

Plaintiff anticipates seeking discovery on the number of and duties of Defendant's employees within New York over the last six years that perform 25% of more manual labor, and the payroll information for those employees.

Defendant contends that the scope of discovery will depend on what issues, if any, remain following the Court's ruling on Defendant's anticipated Motion to Dismiss. Defendant will seek to depose Plaintiff and may seek to depose others as discovery progresses, including putative class members. Defendant will also seek discovery with respect to documents and information in Plaintiff's care, custody, and control relevant to the allegations in the Complaint. Specifically, Defendant will seek discovery regarding Plaintiff's and the putative class's alleged damages incurred and the duties Plaintiff and the putative class members performed while working for Defendant. Defendant will also seek discovery on Plaintiff's contention that he is similarly situated to other putative class members and that certification is appropriate.

**C. Discovery Limitations.** The Parties have conferred and **do not** believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

**D.**  For cases where basis of subject matter jurisdiction is diversity:
  a. Is any party an LLC or partnership? **NO.** If yes, list all members of the LLC or partnership and their respective states of citizenship:
  b. Citizenship of each plaintiff: **New York.**
  c. Citizenship of each defendant: **California/Delaware.**

**E. ESI Discovery**

Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26? **Yes.**

Have the parties entered into an ESI protocol stipulation? **No.**

Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here: **X**.

---

[1] Defendant maintains that discovery should be stayed pending the Court's ruling on Defendant's anticipated Motion to Dismiss and or Strike the Complaint to prevent the parties from incurring unnecessary discovery costs. After a ruling on that motion, the parties will be in a better position to discuss the proper scope of discovery given that they will know the scope of the claims, if any, that remain. Defendant will be moving to stay discovery forthwith, pursuant to Judge Wicks' Individual Rules of Practice.

### F. Confidentiality

Do the parties anticipate the need for a confidentiality stipulation and order? **Yes.**

## MAGISTRATE CONSENT

Pursuant to 28 U.S.C § 636(c), the parties have the right consent to have all proceedings, including trial, before a Magistrate Judge at any time.

II. The parties' agreed-upon proposal for cases management is below:

**July 29, 2022:** Exchange of Rule 26(a)(1) disclosures

**July 29, 2022:** Service of initial interrogatories and document demands

**30 days after service:** Responses to first interrogatories and document demands

**Nov. 18, 2022:** Motions to join new parties or amend the pleadings

**n/a:** Inspection of vessel [FOR ADMIRALTY CASES]

**Sept. 1, 2022:** Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS]

**_____:** Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date. [DATE TO BE FILLED IN BY COURT]

**Jan. 31, 2023:** Plaintiff's motion for class certification

The parties respectfully propose that the Court hold a conference following issuance of an order on Plaintiff's motion for class certification to determine remaining case management deadlines. This will allow the parties to determine what discovery, if any, remains in light of the scope of any certified class. It also promotes efficiency in that the parties will not be required to litigate the case during the pendency of class certification, without knowing whether a class will be certified and what the class definition will be.

This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order *after* the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**COUNSEL**:

For Plaintiff(s) */s/ Yitzchak Kopel*

For Defendant(s) */s/ Ashley Hale*